# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEROME LESLIE ALLEN, | * |
| Petitioner | * |
| v | *   Civil Action No. PX-17-2917 |
| ACTING WARDEN OF WCI, and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * |
| Respondents | * |
| | *** |

## MEMORANDUM OPINION

Petitioner Jerome Leslie Allen petitions this Court under 28 U.S.C. § 2254 to review his 2016 revocation of probation entered by the Circuit Court for Anne Arundel County, Maryland. ECF No. 1. Respondents oppose the Petition because Allen has failed to exhaust state court remedies. ECF No. 4. Allen has replied. ECF No. 5. For the following reasons, the Petition is denied and dismissed without prejudice.

In December of 2006, Allen was found guilty after a jury trial in Anne Arundel County Circuit Court of armed robbery, robbery, conspiracy, assault, and giving a false statement to the police. ECF No. 1, No. 4-4. He was sentenced to a 20-year term of confinement, with all but 17 years suspended. *Id*. Allen appealed the armed robbery conviction and certain pretrial decisions concerning motions to exclude and to suppress evidence. ECF No. 4-2 at 2. The Maryland Court of Special Appeals affirmed Allen's judgment, the mandate for which issued on September 26, 2008. ECF No. 4-4. Allen did not petition for a writ of certiorari to the Maryland Court of Appeals. ECF No. 4-1. He did pursue post-conviction relief which the Circuit Court denied on March 30, 2010. *Id*. at 28.

On February 22, 2016, Allen's probation was revoked after a hearing in Anne Arundel Circuit Court, and Allen was sentenced to ten years' confinement. ECF No. 4-1 at 29, 31; ECF No. 1. Although Allen filed an application for leave to appeal the revocation, he did not articulate any grounds in support. ECF No. 4-5 at 4. The Court of Special Appeals denied the application and the mandate issued on November 18, 2016. *Id*. at 2-3. Allen did not pursue further review. ECF No. 1.

Allen's Petition before this Court focuses exclusively on the revocation of probation. Allen argues that he was denied the right to have his case heard by an impartial tribunal, and that the sentence is unconstitutional and tantamount to slavery. ECF No. 1. Allen concedes that he had not raised any claims previously on direct appeal but maintains that any further review in state court would be insufficient. ECF Nos. 1, 5.

Although the Court struggles to discern a legally cognizable federal claim, even assuming Allen has pleaded a proper claim, the Petition cannot proceed for failure to exhaust state court remedies. 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). The purpose of the exhaustion requirement is to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A petitioner may exhaust his claims either on direct appeal or in post-conviction proceedings. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) ("To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court."), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) ("[A] failure to appeal from a denial of relief in a state

post-conviction proceeding constitutes a failure to exhaust state remedies," unless "at the time of filing the federal habeas corpus petition, it appears that petitioner has no remaining available state remedies."). To demonstrate exhaustion, the Petitioner must show that he sought review and relief was denied. *Preiser*, 411 U.S. at 477, 491; 28 U.S.C. § 2254(b) and (c). Where, as here, a claim is not automatically reviewable on direct appeal, exhaustion is satisfied by filing an application for leave to appeal to the Maryland Court of Special Appeals. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-302(g). If the Court of Special Appeals denies the application, the claim is exhausted. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-202.

Allen filed an application for leave to appeal the violation of his probation. However, he presented no arguments or grounds to afford him relief. Consequently, the Court of Special Appeals was not given the opportunity to consider the claims he presents here.

To the extent Allen can no longer pursue relief on direct appeal, he still may be able to obtain review through post-conviction relief. To qualify for post-conviction relief, the petitioner must be serving a sentence of incarceration, or on parole or probation for that conviction. *See* Uniform Post Conviction Procedure Act, Md. Code, Crim. Proc. §7-101. The post-conviction petition must be filed in the Circuit Court where the defendant was convicted and within ten years from the date of sentencing. *Id.* §§7-102–03. Although the defendant is limited to one post-conviction petition for each trial or sentence, probation revocation proceedings allow for a separate post-conviction petition if the petition raises new issues that could not have been raised earlier. *Id.* § 7-103(a); *Smith v. State*, 694 A.2d 182, 187 (1997) ("[W]e now hold that a probation revocation proceeding is a 'trial' within the meaning of [the Uniform Post Conviction Procedure Act], and a separate single petition limit applies to such a proceeding when . . . the petition raises new issues

3

that have come into existence as a result of the proceeding and, consequently, could not have been raised earlier"). Further, post-conviction proceedings may be reopened in the interests of justice. *See* Md. Code Ann., Crim. Proc. Art., § 7-104; *Booth v. State*, 346 Md. 246, 247 (1997) (directing reopening of post-conviction proceedings to consider petitioner's *Brady* claim).

If a defendant is denied relief on his post-conviction petition, he must file an application for leave to appeal to the Court of Special Appeals within 30 days of the order denying relief. *See* Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, no further review is available and the claim is exhausted. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-202(5). If the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Maryland Court of Appeals. *See Williams v. State,* 292 Md. 201, 210–11 (1981).

Allen concedes that he has not pursued a post-conviction petition challenging the violation of probation or the sentence imposed on the revocation. Allen must do so to satisfy exhaustion requirements prior to filing in this Court. The Petition in this Court, therefore, is dismissed without prejudice so that Allen may exhaust state remedies.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Allen fails to meet this standard and a Certificate of Appealability shall not issue.

A separate Order follows.

    7/24/19                                                             /S/
Date                                                                        Paula Xinis
                                                                                  United States District Judge